IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2008 AUG 29 PM 2:50

| | |
|---|---|
| FERNANDO H. GONZALEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-014 |
| ) | |
| WALT WELLS, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons that follow, the Court recommends that the Bureau of Prisons, and the Attorney General of the United States be **DISMISSED** from this case, that Petitioner's "Motion for Entry of Default" be **DENIED** (doc. no. 6), that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Walt Wells.

### I. BACKGROUND

Petitioner was sentenced to 37 months in prison on January 25, 2007. (Doc. no. 8, Exs. 1, 13). His projected date of release is November 15, 2008. (Id. at Ex. 1). Petitioner asserts in his § 2241 petition that based on: (1) the Bureau of Prison's ("BOP") Program Statement ("PS") 5100.08, Chapter 7, Pages 16-17, (2) PS 5111.04, (3) the Immigration

Reform and Control Act of 1986, and (4) the contract between the BOP and Corrections Corporations of America ("CCA"), he must be transferred to an Immigration and Customs Enforcement ("ICE") facility seven month prior to is projected release date. (Doc. no. 1). The Court directed service to be effected on Respondents and also directed Respondents to show cause why Petitioner's writ should not be granted by filing a return and response within twenty (20) days of the date of service. (Doc. no. 3). Prior to the expiration of the 20 days, Respondents requested, and the Court granted, an additional 20-day extension to respond to the petition. (Doc. nos. 4, 5).

## II. PROPER RESPONDENT

Petitioner named Walt Wells, Warden at MCF, the Bureau of Prisons, and the Attorney General as Respondents in this case. However, neither the Bureau of Prisons nor the Attorney General is a proper respondent because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at MCF, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that the Bureau of Prisons, and the Attorney General of the United States be **DISMISSED** from this case.

## III. MOTION FOR DEFAULT

Petitioner requests an "Entry of Default pursuant to Fed. R. Civ. P. 55 (a)(b)(c)(2),

2

arguing that the Court does not have subject matter jurisdiction to grant Respondents an extension of time beyond the twenty (20) days allowed by Congress under 28 U.S.C. § 2243." (Doc. no. 6). Thus, Petitioner asks the Court to enter a default against Respondents because Respondents' answer was purportedly filed a few days late. The argument is without merit because, for obvious reasons, "default judgment is not contemplated in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Moreover, default is a drastic remedy appropriate in only the most extreme of circumstances. The Court respects "the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002). In sum, default in this case would be manifestly unjust and will not be contemplated by the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion for default be **DENIED**.

## IV. SECTION 2241 PETITION

Petitioner's § 2241 petition does not challenge the fact or duration of his confinement.[1] Instead, Petitioner challenges that he has not been transferred to an ICE facility 7 months prior to his release date. As such, the relief Petitioner seeks relates to the conditions and circumstances of his confinement at MCF. The sole function of habeas

---

[1] To the extent Petitioner argues that he has a liberty interest in being placed on a deportation flight on November 15, 2008, his exact release date, his argument is misguided. Petitioner argues that if he is not sent to an ICE facility 7 months prior to his release date, he runs the risk of being incarcerated at MCF until his release date, and then being detained in connection to his removal proceeding thereby increasing his punishment. However, even if that scenario plays out, the Eleventh Circuit has held "deportation detentions do not serve to punish those detained, but merely to facilitate the deportation process." United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000).

3

corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.1979), revised by 596 F.2d 658 (5th Cir. 1979).[2] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

Moreover, the Court notes that Petitioner is not entitled to the relief he seeks because he has not exhausted his administrative remedies in this case. Petitioner states that on December 6, 2007, he mailed his BP-10 (appeal form) appeal of the Warden's memo MCA-2007-11-10 issued on November 9, 2007, to the Privatization Branch Manager. (Doc. no. 1, p. 3). Petitioner asserts that he did not receive a response to this appeal. (Id.). Petitioner notes that PS 1330.10 allows 30 calendar days for a response. (Id.). According to Petitioner, 19 days past the time allowed, he mailed a letter certified and return receipt to the

---

[2]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Privatization Branch Manager. (Id.). Petitioner maintains that no extension was requested, and that as of February 11, 2008, 33 days over the time allowed, he had still not received a response to his appeal nor to his letter. (Id.). Petitioner states "as no reply is forthcoming, this Section 2241 is submitted." (Id. at 4).

The Court notes that Petitioner did not pursue his administrative remedies to the Central Office level (which is necessary for him to complete his appeals through the BOP Administrative Remedy Program).[3] Additionally, the record reflects that Petitioner's BP-10, submitted to the Privatization Branch Manager, was rejected on December 10, 2007, because Petitioner did not first file a request for administrative remedy to the Warden before appealing to the next level.[4] (Doc. no. 8, Ex. 8). The BOP's administrative remedy regulations instruct inmates that "if the inmate does not receive a response within the time allotted for the reply, including extension, the inmate may consider that absence of a response to be a denial at that level." See 28 C.F.R § 542.18. As noted by Respondents, "Rather than appealing to the Central Office level, [Petitioner] either wrote again to the Privatization Branch, or did nothing to pursue his BP-10 further." (Doc. no. 8, p. 5 (citing doc. no. 1, p. 3)). Thus, Petitioner filed the instant § 2241 without filing an appeal to the Central Office level.

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to

---

[3] "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (B-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal." (Doc. no. 8, Ex. 7, p. 8, Section 9).

[4] Petitioner could have appealed the rejection to the Central Office level. (Doc. no. 8, Ex. 8).

5

administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

As the Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed. Appx. 356, 358 (11th 2006).[5] Although some courts within the Eleventh Circuit have noted

---

[5]The Court recognizes that although the Eleventh Circuit has in the past suggested that exhaustion in § 2241 petitions is a jurisdictional issue, Jaimes, 168 Fed. Appx. at

6

that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."[6] Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Martin v. Zenk, 244 Fed. Appx. 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner, 355 F.3d at 1295). In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones,

---

358, the issue is somewhat unsettled in light of the Supreme Court's recent ruling in Bowles v. Russell, 551 U.S. \_\_\_\_, 127 S.Ct. 2360 (2007). In that case, the Supreme Court held that the Sixth Circuit Court of Appeals lacked jurisdiction over an appeal from the district court's denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, where the petitioner filed an untimely notice of appeal, and that it would no longer recognize the unique circumstances exception to excuse an untimely notice of appeal. Bowles, 551 U.S. at \_\_\_\_, 127 S.Ct. at 2361. In its analysis, the Supreme Court explained that there are distinctions between limitations set forth in a statute, which limit a court's jurisdiction, and those based on court rules, which do not limit a court's jurisdiction. Id. However, unlike the instant case, Bowles did not involve a federal petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 or exhaustion of administrative remedies.

[6]"On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

7

495 F. Supp. 2d at 1300.[7]

Here, Petitioner has shown neither the existence of exceptional circumstances, nor the futility of administrative review. In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

Petitioner's claim also appears to lack merit on its face. A prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no constitutional liberty interest in early release, Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); no constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999). However, because Petitioner's claims are not cognizable in

---

[7]In Jones, the petitioner, who challenged 28 C.F.R. § 570.21(a), also admitted that he did not attempt to exhaust administrative remedies and requested that the district court excuse his failure because adoption of 28 C.F.R. § 570.21(a) makes it clear that such an effort would be futile. Jones, 495 F. Supp. 2d at 1290, 1296-97. Ultimately, the district court excused the petitioner's failure to exhaust administrative remedies because "[the BOP] has predetermined by rulemaking the issue. . . . What is more, *the BOP has continued to enforce [that] rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions.*" Id. at 1300 (emphasis added). Here, Petitioner has not argued, and it does not appear, that the BOP is enforcing a regulation "in the face of its invalidation" by various appellate courts, let alone, the Eleventh Circuit Court of Appeals. Rather, Petitioner asserts that the BOP is not following its regulation, which purportedly requires Petitioner to be transferred to an ICE facility 7 months prior to his release date. Therefore, the critical facts of Jones are dissimilar from those presented in this case.

a § 2241 petition and because he has not exhausted his administrative remedies, the Court need not reach the substance of his petition.

## V. CONCLUSION

For the reasons set forth above, the Court recommends that the Bureau of Prisons, and the Attorney General of the United States be **DISMISSED** from this case, that Petitioner's "Motion for Entry of Default" be **DENIED**, that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Walt Wells.

SO REPORTED and RECOMMENDED this 29th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE